# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA CHRISTOPHER,<br><br>          Plaintiff,<br><br>     vs.<br><br>ASHWORTH,<br><br>          Defendant. | )  1:11cv02097 DLB PC<br>)<br>)<br>)  ORDER DISMISSING COMPLAINT<br>)  WITH LEAVE TO AMEND<br>)<br>)  THIRTY-DAY DEADLINE<br>)<br>)<br>) |

Plaintiff Victoria Christopher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 20, 2011. She names Supervising Cook Ashworth as the sole Defendant.

**A.     LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.   **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at Central California Women's Facility in Chowchilla, California, where the events giving rise to this action occurred.

Plaintiff alleges that on August 8, 2008, Defendant Ashworth "produced false documentation," which caused Plaintiff to be placed into Administrative Segregation ("Ad-Seg"). She alleges that her placement in Ad-Seg prevented her from participating in rehabilitative programming before paroling on November 24, 2009.[1] She provides no further facts.

C.   **ANALYSIS**

Plaintiff's complaint fails to meet the requirements of Rule 8. As explained above, Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

Plaintiff's allegations, although short and plain, do not state sufficient facts to state a claim for which relief may be granted. The Court will allow Plaintiff an opportunity to amend and provides Plaintiff with the following legal standards.

It appears that Plaintiff is alleging a due process claim based on her allegation that she was placed in Ad-Seg based on false evidence. As an initial matter, a prisoner does not have a constitutional right to be free from falsified disciplinary reports. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989) (claims based on the falsity of charges, standing alone, do not state constitutional claims); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir.1986) ("[A] prison

---

[1]  Plaintiff's address reflects that she is currently incarcerated.

3

inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir.1984) (allegations of a false or fabricated disciplinary charge against an inmate fail to state a claim under § 1983); see also Buckley v. Gomez, 36 F.Supp.2d 1216, 1222 (S.D.Cal.1997)

With respect to placement in Ad-Seg, due process requires only that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Prisoners are not entitled to "detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Id. Further, "due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation." Id.

Finally, to the extent Plaintiff alleges that she was denied participation in rehabilitative programs, she is advised that there is no constitutional right to such programs. The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prison inmates do not have a constitutional right, grounded in the Due Process Clause itself, to be incarcerated at a particular correctional facility, to be transferred from one facility to another, or to participate in rehabilitative programs. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985).

**D.      CONCLUSION AND ORDER**

Plaintiff's complaint therefore fails to state a claim for which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith,

203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  Plaintiff's amended complaint may not exceed **twenty-five (25) pages**, not

///
///
///
///

5

including exhibits; and

     5.    <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

    Dated:   **January 30, 2013**           /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE